

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-15-00374-CV

| | | |
|---|---|---|
| United Food and Commercial Workers International Union; Organization United for Respect at Walmart; North Texas Jobs With Justice; and Lester Eugene Lantz | § | From the 352nd District Court |
| | § | of Tarrant County (352-266419-13) |
| v. | § | October 27, 2016 |
| Wal-Mart Stores, Inc.; Wal-Mart Real Estate Business Trust; Wal-Mart Realty Company; Wal-Mart Stores Texas, LLC; Wal-Mart Stores East, LP; and Sam's East, Inc. | § | Opinion by Justice Gabriel |

## JUDGMENT

This court has considered the record on appeal in this case and holds that there was no error in the trial court's summary judgment. Although the trial court did not abuse its discretion in granting Walmart permanent injunctive relief based on its claims that were established as a matter of law, the scope of paragraph "c." was overly broad so as to prohibit lawful activities within Walmart's limited business invitation to the public. Therefore, we modify paragraph "c." of the permanent injunction to state that the following conduct is enjoined:

Entering on Walmart's private property at any store or facility in the State of Texas that is owned or controlled by Wal-Mart Stores, Inc., Wal-Mart Real Estate Business Trust, Wal-Mart Realty Company, Wal-Mart Stores Texas, LLC, Wal-Mart Stores East, LP, Sam's East, Inc., or any of their subsidiaries, affiliates, or operating entities for any non-shopping, labor-related purpose.

*See Ghidoni v. Stone Oak, Inc.*, 966 S.W.2d 573, 583 (Tex. App.—San Antonio 1998, pet. denied) (en banc op. on reh'g) (modifying overly broad permanent injunction). As modified, we affirm the trial court's permanent injunction. *See* Tex. R. App. P. 43.2(b).

It is further ordered that all parties shall bear their own costs of this appeal, for which let execution issue.

SECOND DISTRICT COURT OF APPEALS

By /s/ Lee Gabriel
Justice Lee Gabriel